UNITED STATES of America,
Plaintiff–Appellee,

v.

Aaron Michael AMUCHASTEGUI,
Defendant–Appellant.

No. 01–30305.

D.C. No. CR–00–30063–HO–02.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Livingstone's request for oral argument.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Aaron Michael Amuchastegui appeals his 24–month sentence imposed following his guilty plea conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Amuchastegui contends that the district court erred in denying a downward minor or minimal role adjustment pursuant to U.S. Sentencing Guidelines § 3B1.2 because his only participation in the armed bank robbery was to drive the getaway car. This argument lacks merit.

"A district court's finding that a defendant does not qualify for a minor or minimal participant status is heavily dependant on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous." *United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994). Amuchastegui's role in the armed bank robbery, including giving his co-defendant the gun, driving the getaway car, and receiving a share of the loot, does not entitle him to either a minor or minimal role adjustment. *United States v. Hernandez–Franco,* 189 F.3d 1151, 1160 (9th Cir.1999) (stating that the appellant has the burden to prove by the preponderance of the evidence that he is substantially less culpable than the average co-participant); *see also United States v. Pinkney,* 15 F.3d 825, 828, (9th Cir.1994) (stating that "one kind of average participant in a robbery would be the person who drove the robber to the scene and then drove him or her away again, and expected a share of the loot"). Our review of the record indicates that the district court's determination was not clearly erroneous.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

